## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KATHERINE B. ROBINSON,
DANA B. WILLIAMS,                            *

Plaintiffs,                                  *

v.                                           *         Civil Action No. PWG-16-3192

DEPT. of JUSTICE DRUG ENFORCEMENT *
   ADMINISTRATION, et al.,
                                             *
Defendant.

                       ***

## MEMORANDUM OPINION

Plaintiff Katherine B. Robinson, a resident of Virginia, filed the above-captioned action
on September 6, 2016, together with a motion for leave to proceed in forma pauperis. ECF Nos.
1, 2. Robinson subsequently exercised her right to amend her Complaint as a matter of course
under Fed. R. Civ. P. 15(a)(1), adding the Virginia Employment Commission ("Commission") as
a Defendant. Am. Compl., ECF No. 5. Because she appears to be indigent, Plaintiff Robinson's
Motion to Proceed in Forma Pauperis shall be granted. Co-plaintiff Dana B. Williams, who also
resides in Virginia, did not file a civil filing fee, nor did he complete a Motion to Proceed in
Forma Pauperis. For reasons apparent herein, Dana Williams will not be required to correct this
deficiency, and instead shall be dismissed without prejudice from this case.[1]

Robinson asserts that during her employment at the Department of Justice Drug
Enforcement Administration ("DEA"), she was sexually harassed by her immediate supervisor,
Don Ellis, and that she reported this harassment to upper management and ultimately filed a

---

[1] Katherine Robinson states that she has power of attorney to act on behalf of Dana Williams
because he "is working and job traveling." Am. Compl. 1. She provides no documents
demonstrating that she in fact is legally permitted to act on Dana Williams's behalf. In any
event, nothing in the pleadings suggests that Dana Williams is a party to her employment
discrimination claim against the DEA.

complaint with the Equal Employment Opportunity Commission ("EEOC"). Am. Compl. ¶¶ 1–2. On June 3, 1998, Robinson was terminated from her job for insubordination and other misconduct after 25 years of employment at the DEA. *Id.* ¶ 13. Her claim for unemployment benefits was rejected. *Id.* ¶ 11. Robinson claims that her job termination and disqualification from receiving unemployment benefits led to her inability to maintain her Baltimore rental property, which was placed in receivership and sold at public auction on February 18, 2014.[2] *Id.* ¶ 16. She seeks $100 million from her former employer and the Virginia Employment Commission for the loss of income for wrongful job termination and damages incurred due to the sale of the property. *Id.* ¶ 18.

Robinson's instant lawsuit closely parallels two previous actions already adjudicated in this Court. On June 6, 2013, Robinson filed a Complaint in the Circuit Court for Prince George's County, Maryland against the Department of Justice ("DOJ") and the DEA, solely concerning her job termination. *See* Complaint at 1, *Robinson v. Dept. of Justice, et al.,* No. RWT-13-1945 (D. Md. July 3, 2013), ECF No. 2. On July 3, 2013, the Defendants removed the case to this Court. Notice of Removal 1, *Robinson,* No. RWT-13-1945 (D. Md. July 3, 2013). The Court granted Defendants' Motion to Dismiss Robinson's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). *Robinson,* No. RWT-13-1945, 2014 WL 1255863, at *5 (D. Md. Mar. 25, 2014).

On August 19, 2016, Robinson filed a Complaint against her former employer and the Virginia Employment Commission, the agency that rejected her unemployment claim. *See*

---

[2] Robinson indicates she sued a bank and Baltimore City officials in separate actions regarding the loss of her property. Compl. 1. Certiorari petitions are pending in those cases before the United States Supreme Court. *See* Petition for Writ of Certiorari, *Robinson v. Chesapeake Bank of Maryland,* No. 15-9346 (S. Ct.); Petition for Writ of Certiorari, *Robinson v. Mayor of Balt.,* No. 16-M2 (S. Ct.). In any event, claims against these entities are not contained in the instant action.

Complaint at 2, *Robinson, et al. v. Dept. of Justice Drug Enforcement Admin., et al.,* No. GJH-16-2931 (D. Md. Aug. 19, 2016), ECF No. 1.   That action was dismissed upon initial review under the doctrine of *res judicata.*   Order at 1, *Robinson,* No. GJH-16-2931 (D. Md. Sept. 6, 2016), ECF No. 7.

Robinson's claims are identical to those raised in No. GJH-16-2931.   Where there has been "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits," *res judicata* is established. *Pension Benefit Guar. Corp. v. Beverley,* 404 F. 3d 243, 248 (4th Cir. 2005) (quoting *Meekins v. United Transp. Union,* 946 F2.d 1054, 1057 (4th Cir. 1991)).   The doctrine of *res judicata* "precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action." *Meekins,* 946 F. 2d at 1057.   In addition, "[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Id.* (quoting *Peugeot Motors of America, Inc. v. E. Auto Distribs., Inc.,* 892 F. 2d 355, 359 (4th Cir. 1989)).

Robinson's claims against the DEA and the Commission were fully and finally adjudicated.   Robinson may not attempt to contest her job termination here.

A separate Order shall enter forthwith.

September 26, 2016
Date

Paul W. Grimm
United States District Judge